# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.C.R,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:21-cv-0640-SAB<br><br>ORDER GRANTING LUZ LORA'S PETITION FOR APPOINTMENT AS GUARDIAN AD LITEM FOR PLAINTIFF C.C.R. AND DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE AND REQUIRING PLAINTIFF TO FILE LONG FORM APPLICATION<br><br>(ECF No. 5)<br><br>TWENTY DAY DEADLINE |

C.C.R. ("Plaintiff"), by his guardian ad litem, Luz Lora, filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (ECF No. 1.) Along with the complaint, Plaintiff filed a petition for appointment of a guardian ad litem and an application to proceed *in forma pauperis* in this action. (ECF Nos. 2, 5.)

**A.    Petition for Appointment of Guardian Ad Litem**

Luz Lora seeks appointment as the guardian ad litem for her minor child, C.C.R. Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This

1  requires the Court to take whatever measures it deems appropriate to protect the interests of the
2  individual during the litigation.  United States v. 30.64 Acres of Land, More or Less, Situated in
3  Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment of the
4  guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to act on
5  behalf of his ward and may make all appropriate decisions in the course of specific litigation."
6  Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly
7  dedicated to the best interests of the person on whose behalf he seeks to litigate."  AT&T
8  Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015).  This means that the guardian
9  ad litem cannot face an impermissible conflict of interest with the ward and courts consider the
10 candidate's "experience, objectivity, and expertise" or previous relationship with the ward.  Id.
11 (citations omitted).

12      "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests
13 of each are the same, no need exists for someone other than the parent to represent the child's
14 interests under Rule 17(c)."  Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub
15 nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed
16 as a guardian ad litem, there are situations where the best interests of the minor and the interests
17 of the parent conflict.  Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007
18 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of
19 right to act as guardian ad litem for the child.  Id., at *2.

20      The Court has considered the petition of Luz Lora for appointment as guardian ad litem
21 for C.C.R. who is the plaintiff in this action and finds no conflict that would preclude her serving
22 as a guardian ad litem for C.C.R.  The Court finds that the appointment is both necessary and
23 appropriate.

24      **B.**     **Application to Proceed** *in Forma Pauperis*

25      Plaintiff did not pay the filing fee in this action and instead Ms. Lora filed an application
26 to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  However, Plaintiff's application
27 does not provide sufficient information for the Court to determine if he is entitled to proceed in
28 this action without prepayment of fees.  Based on the information provided, Ms. Lora's income


is $22,800 per year.

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Based on the income reported which is $1,900.00 per month, Plaintiff's household income is $22,800.00 per year. The 2021 Poverty Guidelines for the 48 contiguous states for a household of two is $17,420.00. 2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited March 15, 2021). Based on the information provided, it does not appear that Plaintiff is entitled to proceed without prepayment of fees in this action.

Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

/ / /

Based upon the foregoing, it is HEREBY ORDERED that:

1. Luz Lora's petition for appointment as guardian ad litem for Plaintiff C.C.R. is GRANTED;

2. Luz Lora's application to proceed *in forma pauperis* is DENIED without prejudice;

2. The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;

3. Within **twenty (20) days** of the date of this order, Plaintiff shall either (1) pay the $402.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; and

4. If Plaintiff fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order.

IT IS SO ORDERED.

Dated: __**April 19, 2021**__

UNITED STATES MAGISTRATE JUDGE

4