# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.C.R, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:21-cv-0640-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING LUZ LORA'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN MATTER TO DISTRICT JUDGE <br><br> (ECF Nos. 5, 7) <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

C.C.R. ("Plaintiff"), by his guardian ad litem, Luz Lora, filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead Ms. Lora filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, the Court found that Plaintiff's application did not provide sufficient information for the Court to determine if she is entitled to proceed in this action without prepayment of fees.

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S.

1 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Based on the information provided in the initial application, Ms. Lora's income was $22,800 per year.  In the current application, Plaintiff reports income of $2,800.00 per month, making her income $33,600.00 per year.  The 2021 Poverty Guidelines for the 48 contiguous states for a household of two is $17,420.00.  2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited March 15, 2021).  Based on the information provided, Ms. Lora's income is almost approximately twice the poverty level for a family of two.

Further, Ms. Lora lists expenses totaling $1,680.00 per month, leaving her approximately $1,200.00 of income beyond her expenses each month.  The Court finds that Ms. Lora has the resources to pay the filing fee and is not entitled to proceed without prepayment of fees in this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Ms. Lora's application to proceed without prepayment of fees be DENIED; and
2. Plaintiff be ordered to pay the filing fee of $402.00 in this action.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 11, 2021**

UNITED STATES MAGISTRATE JUDGE